IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**SHERILA TUCKER**                                                                           **PLAINTIFF**

**V.**                                       **NO. 1:21-CV-12-DMB-RP**

**THE HERSHEY COMPANY**                                          **DEFENDANT**

**ORDER**

After removing this case from state court, the Hershey Company moved to dismiss Sherila Tucker's negligence claims. Because Tucker's claims are time barred, dismissal will be granted.

**I**
**Procedural History**

On June 5, 2020, Sherila Tucker filed a negligence complaint against the Hershey Company in the Circuit Court of Lee County, Mississippi, alleging that she ate a piece of Hershey candy containing "pieces of black metal." Doc. #2. Tucker served "a copy of the Summons (but not the Complaint)"[1] on Hershey on January 6, 2021. Doc. #1 at 1. On January 28, 2021, Hershey, asserting diversity jurisdiction, removed the case to the United States District Court for the Northern District of Mississippi. *Id.*

On February 4, 2021, Hershey filed a Rule 12(b)(6) motion to dismiss. Doc. #4. One week later, Tucker sent a single page document to the Court that states: "I Sherila Tucker Motion to take this case with the Hershey Company to Court. Thank you." Doc. #7. Hershey notified the Court that it would not reply.

---

[1] Hershey did not raise a defect in service of process argument in its motion to dismiss. Accordingly, it has waived any argument regarding defective service. Fed. R. Civ. P. 12(h)(1).

**II**
**Standard of Review**

"To withstand a motion to dismiss, a complaint must allege more than labels and conclusions, as a formulaic recitation of the elements of a cause of action will not do. It must state a plausible claim for relief, rather than facts merely consistent with liability." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (internal quotation marks omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017).

**III**
**Factual Allegations**

On October 7, 2015, at a Dollar General in Tupelo, Mississippi, Tucker purchased "a bag of Halloween candy mixture of mini bites" made by Hershey. Doc. #2 at 1. The next day, she ate a piece of the candy and "experience[d] a hard substance in the mixture" that "cracked [her] denture in half." *Id.* Tucker became dizzy, had difficulty breathing, and became unconscious. *Id.* She was rushed to Holly Springs Hospital, where she was referred to Baptist Desoto Hospital, and then sent to Methodist University Hospital. *Id.* After being "kept overnight for observation," she was referred to the Surgery Center in Tupelo, Mississippi, and had to undergo gastric bypass surgery. *Id.*

Tucker sent a letter to Hershey and received a response asking her to return the remaining candy. *Id.* at 2. The letter also said that Hershey "would consider reviewing [Tucker's]

(REASONABLE) Medical expenses." *Id.* However, Tucker did not "receive any assistance" from Hershey. *Id.*

### IV
### Analysis

Hershey argues Tucker's claims should be dismissed because they "are governed by the Mississippi Product Liability Act (the 'MPLA'), and the MPLA has a three-year statute of limitations." Doc. #5 at 2.

The MPLA[2] applies "in any action for damages caused by a product, including … any action based on a theory of … negligence" but does not provide a deadline for bringing claims. Miss. Code Ann. § 11-1-63. Because there is not a specific limitation period, MPLA claims must be brought within Mississippi's general three-year statute of limitations. Miss. Code Ann. § 15-1-49(1) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after."); *see Mine Safety Appliance Co. v. Holmes*, 171 So. 3d 442, 447 n.7 (Miss. 2015) (product liability claim was "subject to the general statute of limitation in Section 15-1-49, which is three years."). Negligence claims are also subject to the general three-year statute of limitations. *Peoples Bank of Biloxi v. McAdams*, 171 So. 3d 505, 508 (Miss. 2015).

Tucker alleges that, due to Hershey's negligence, she was injured by eating Hershey candy. Doc. #2 at 1, 3. Tucker claims she suffered an immediate injury when, on October 8, 2015, she bit into the candy and her denture cracked. *Id.* at 1. But Tucker did not initiate this action until June 5, 2020. *Id.* Because Tucker did not file her complaint until well after the three-year statute of limitations had run, her claims are time barred and must be dismissed.

---

[2] In this diversity action, the Court applies the law of the forum state. *84 Lumber Co. v. Cont'l Cas. Co.*, 914 F.3d 329, 333 (5th Cir. 2019).

## V
## Conclusion

Hershey's motion to dismiss [4] is **GRANTED**. Tucker's claims are **DISMISSED with prejudice**. A final judgment will issue separately.

**SO ORDERED**, this 18th day of March, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

4